# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY TAYLOR,<br><br>        Plaintiff,<br><br>v.<br><br>FEDEX FREIGHT, INC.,<br><br>        Defendant. | Case No.: 1:16-cv-00438-BAM<br><br>ORDER ON PLAINTIFF'S MOTION TO ALLOW LIVE TRIAL TESTIMONY VIA VIDEOCONFERENCE<br><br>(Doc. 50) |

This case proceeds to a jury trial on Plaintiff Roy Taylor's claims against Defendant FedEx Freight, Inc. for retaliation in violation of the California Labor Code and wrongful termination in violation of public policy. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned. (Docs. 10, 16); Local Rule 302. Trial is currently scheduled to take place in Fresno, California on January 22, 2018. (Doc. 54).

Currently before the Court is Plaintiff's motion in limine pursuant to Federal Rule of Civil Procedure 43(a) to allow two witnesses: Jerry De La Fuente and Richard Arp to testify at trial via contemporaneous video transmission from the United States District Court in Medford, Oregon (Doc. 50).[1]

///

---
[1] The court assumes the parties' familiarity with the litigation history of this case, which has been recounted in the court's prior Orders. (See Doc. 43).

## I. Discussion

In support of his motion, Plaintiff asserts that good cause exists to allow Mr. De La Fuente to appear in court via videoconference in lieu of the presentation of his written deposition transcript. Plaintiff explains that as his former immediate supervisor at FedEx Freight, Inc. in Medford, Oregon, Mr. De La Fuente, is arguably one of the most important witnesses to Plaintiff's case. *See* Declaration of James Ashworth ("Ashworth Decl."), at ¶ 2, Ex. 1 (Doc. 50-1). Mr. De La Fuente was deposed by Defendant on October 24, 2017, and he voluntarily provided a declaration in support of Plaintiff's opposition to Defendant's motion for summary judgment. *Id.* However, Mr. De La Fuente has refused to voluntarily travel to Fresno for trial and he cannot be subpoenaed to do so because he lives in Medford, Oregon over one-hundred (100) miles away. Fed. R. Civ. P. 45(c)(1). With respect to Mr. Arp, Plaintiff acknowledges that there is no "independent justification" to allow Mr. Arp to provide his testimony via video conference, however, he argues if the Court is inclined to allow Mr. De La Fuente to appear by video, Mr. Arp wishes to do the same in order to avoid the cost and inconvenience of traveling to Fresno.[2]

Citing *Rodriguez v. SGLC, Inc.*, Defendant responds that Plaintiff has not made a persuasive showing of good cause because Mr. De La Fuente and Mr. Arp have not demonstrated an inability to attend trial for unforeseen reasons. *See Rodriguez v. SGLC, Inc.*, 2012 WL 3704922, 2012 U.S. Dist. LEXIS 120862 (E.D. Cal. Aug. 24, 2012) (denying a Rule 43(a) motion because "the circumstances confronting plaintiffs can hardly be construed as unforeseen"). Defendant contends that Plaintiff should have foreseen that Mr. De La Fuente would be unavailable to testify in Fresno as Mr. De La Fuente could not be compelled to Fresno to have his deposition taken and instead was deposed by Defendant via videoconference. (Doc. 44). Because Plaintiff could have reasonably foreseen that Mr. De La Fuente would not appear for trial, Plaintiff should have taken the steps necessary to obtain his testimony via video deposition for use at trial while fact discovery was still open. In Defendant's view, because Mr. De La Fuente's absence was foreseeable and Plaintiff failed to secure his video deposition, the circumstances of this case are not appropriate for the requested out-of-court

---
[2] Plaintiff notes that this request is contingent upon the Court's decision to allow him to introduce Mr. De La Fuente's testimony via video conference.

contemporaneous testimony. Defendant applies the same arguments to Mr. Arp: Plaintiff knew of his potential testimony since the very beginning of this case and yet failed to preserve a proper video deposition for trial.

### A. Legal Standard

Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009) (quoting Fed. R. Civ. P. 43.) "The use of such contemporaneous transmission in lieu of live testimony is expressly reserved to the sound discretion of the trial court." *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500 (Fed. Cl. 2010); *accord Palmer*, 560 F.3d at 969. The Advisory Committee Notes to Rule 43(a) contain the following advice:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.
> ...
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.
> ...
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

### B. Analysis

Plaintiff has shown good cause in compelling circumstances to have Mr. De La Fuente's testimony presented by videoconference. First, a significant geographic distance separates Mr. De La Fuente and the location of these court proceedings. Medford, Oregon is more than 500 miles from the courthouse in Fresno and therefore beyond the Court's subpoena power. *See Beltran–Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir. 2000) (upholding Missouri witness' telephonic testimony in San Diego hearing where witness was under oath and subject to cross-examination (citing Fed. R. Civ. P. 43(a);

*Warner v. Cate*, No. 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015) ("[G]ood cause and compelling circumstances may exist where a significant geographic distance separates the witness from the location of court proceedings). Fresno's distance from Medford, Oregon coupled with Mr. De La Fuente's refusal to otherwise testify amounts to compelling circumstances in this instance.

Second, Plaintiff's request also presents the appropriate safeguards to ensure the integrity of Mr. De La Fuente's testimony. In assessing the safeguards of video transmissions, the courts focus on whether the testimony was made in open court, under oath, and whether the opportunity for cross examination was available." *Beltran*, 213 F.3d at 1185–86. At trial in this case, Defendant will have the opportunity to question and cross-examine Mr. De La Fuente through live feed in open court, while he is under oath, and during which questioning he will be visible to the court, the jury, and the parties. By observing Mr. De La Fuente directly with little, if any, delay in transmission, the trier of fact will have ample opportunity to assess his credibility and demeanor. Thus, there is likely to be little practical difference between his live in-court testimony and a live video transmission of his testimony from another court.

While Defendant cites *Rodriguez* as persuasive authority discouraging video testimony at trial, the Court finds that case to be factually distinguishable with little application here for at least three reasons. First, the individuals seeking to testify via videoconference in *Rodriguez* were the parties themselves and not merely witnesses. The Court noted that cases justifying "remote [video] testimony" were in the context of taking third-party witness testimony and not "part[ies] themselves." *Rodriguez*, 2012 WL 3704922 at *3. Second, the Court noted that the obstacles to live testimony in *Rodriguez* were not unforeseen because Plaintiffs had arguably known for four years that international travel would be expensive and visas difficult to come by, yet Plaintiffs made no effort to secure depositions prior to the close of discovery. *Id.* Here, Mr. De La Fuente's deposition was allowed after fact discovery because "Plaintiff was not aware of" Mr. De La Fuente and "he [was] not previously disclosed" in Plaintiff's Rule 26 initial disclosures." (Doc. 44). The time lapse here, arguably around six months, is nowhere near the four years found in *Rodriguez*. Finally, the Court in *Rodriguez* was particularly concerned that Plaintiffs had not demonstrated any effort to obtain visas and therefore the showing before the Court could arguably be made in any wage and hour litigation brought by non-

resident farm workers. *Rodriguez*, 2012 WL 3704922 at *3. The Court was understandably "loathe to set a precedent that would permit the use of alternative testimony on essentially a carte blanche basis" in those types of cases. *Id.* Those similar and broad reaching concerns are not present here.

Ultimately, while the court is mindful of the importance of physical presence at trial, it will not preclude video testimony in this instance particularly in light of the prejudice considerations here. Mr. De La Fuente is an important witness for Plaintiff and the Court finds that allowing Plaintiff to present Mr. De La Fuente's live testimony (albeit by videoconference) during trial, under oath, and while he is subject to cross-examination, avoids any risk of prejudice to either party. Accordingly, Defendant's objection to Jerry De La Fuente's video testimony is OVERRULED and Plaintiff's request for his testimony by videoconference is GRANTED.

Plaintiff however has not carried his burden to establish that "good cause in compelling circumstances" exists to permit examination of Mr. Arp by video. Plaintiff has not provided any information about the nature or importance of Mr. Arp's testimony. Plaintiff merely states that Mr. Arp is willing to appear for trial but he hopes to avoid the inconvenience. Ashworth Decl. ¶ 4. The advisory committee notes to Rule 43(a), however, caution that "contemporaneous [t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend trial." Fed. R. Civ. P. 43 Advisory Committee's Note (1996 Amendment). Plaintiff's justification based on inconvenience alone is therefore insufficient to support a Rule 43(a) request with respect to Richard Arp. Accordingly, the Court DENIES Plaintiff's request to allow Mr. Arp to testify via contemporaneous video transmission.

## II. Conclusion and Order

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion to allow witness Jerry De La Fuente to testify at trial by videoconference is GRANTED;

2. Plaintiff's motion to allow witness Richard Arp to testify at trial by videoconference is DENIED;

3. Plaintiff SHALL make witness Jerry De La Fuente present and prepared to give his live videoconference testimony before this Court from the United States District Court in Medford, Oregon;

4. Witness Jerry De La Fuente SHALL be present and available to testify from the United States District Court in Medford, Oregon on January 24, 2018 at 10:00 a.m.;

5. Plaintiff SHALL provide a copy of both parties' exhibits to witness Jerry De La Fuente at the time of his testimony;

6. Plaintiff SHALL file a proposed joint jury instruction concerning the treatment of live videoconference trial testimony on or before January 12, 2018; and

7. Plaintiff's counsel is instructed to contact **Courtroom Deputy, Harriet Herman, at (559)499-5788 or Hherman@caed.uscourts.gov**, for assistance in coordinating the videoconference testimony of Jerry De La Fuente. Plaintiff's counsel shall schedule a test call at a date and time that is convenient to the Court's Information Technology staff as instructed by Ms. Herman.

IT IS SO ORDERED.

Dated: **December 20, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE